# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1459
_____

United States of America,

*Plaintiff - Appellee*,

v.

Quantal Blake,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 14, 2016
Filed: June 5, 2017
_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Quantal Blake was convicted of robbing two banks and attempting to rob a third. The district court[1] sentenced Blake to life imprisonment after finding that one of the robberies was a serious violent felony, and that Blake had sustained two prior

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

convictions for serious violent felonies. Blake appeals, arguing that the robbery was nonqualifying, and that the Sixth Amendment entitled him to a jury determination on that question. We conclude that there was no error, and therefore affirm the judgment.

A grand jury charged Blake with three counts under the federal bank robbery statute, 18 U.S.C. § 2113(a): robbery of Premier Bank in Omaha on February 4, 2014, attempted robbery of the same bank on March 20, 2014, and robbery of First Westroads Bank in Omaha on March 20, 2014. A jury convicted Blake on all three counts, and the case proceeded to sentencing. The government invoked 18 U.S.C. § 3559(c)(1), which provides that a defendant convicted of a "serious violent felony" must be sentenced to life imprisonment if he has been convicted on separate prior occasions of two or more serious violent felonies. Blake had sustained two qualifying prior convictions. The parties disputed, however, whether any of the three instant convictions counted as a "serious violent felony" under § 3559(c)(2)(F).

"Serious violent felony" includes a conviction for robbery under 18 U.S.C. § 2113, but an exception provides that robbery in certain cases is a "nonqualifying" felony. Robbery may not serve as a basis for a mandatory life sentence under § 3559 if the defendant establishes two circumstances by clear and convincing evidence: (1) that "no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense," and (2) that the offense did not result in death or serious bodily injury to any person. 18 U.S.C. § 3559(c)(3)(A).

The government urged that the robbery of First Westroads Bank was a qualifying serious violent felony. A surveillance video of that robbery presented at trial showed two masked men entering the bank. One of the men wore a light-colored shirt with something protruding at a ninety-degree angle against the inside of the

shirt.  The government argued that the robber was brandishing a gun under his shirt as he directed the bank tellers to put up their hands and surrender money.

Blake's position was that the trial record established by clear and convincing evidence that the First Westroads Bank robbery was a nonqualifying felony.  He maintained that no firearm or dangerous weapon or threat of a firearm or dangerous weapon was involved in the offense.

The district court concluded that Blake had not met his burden under § 3559(c)(3)(A) to show that the First Westroads robbery was nonqualifying.  The court found based on the video that one of the robbers had "what appeared to be a long gun, perhaps something like a sawed-off shotgun," under his shirt and was "aiming it straight forward."  The court also cited testimony from two bank tellers that "that they were frightened," and found that they had raised their hands in the air "as one would do when confronted with a firearm."  Having concluded that Blake failed to prove that the robbery conviction was nonqualifying, the district court sentenced him to life imprisonment.  We review for clear error the district court's finding that Blake failed to meet his burden under § 3559(c)(3)(A).

Blake argues that his bank robbery conviction was nonqualifying because the government did not introduce evidence that a firearm or dangerous weapon was used during the bank robbery.  He cites testimony from two bank tellers that they could not see what was under the bank robber's shirt, and did not know whether he was carrying a weapon.

There was ample evidence, however, that one of the robbers used a firearm during the robbery.  The video showed a cylindrical object pointing outward under the robber's shirt, parallel to the ground and toward the bank tellers.  At one point, the robber cradled the cylinder in his outstretched hand, as if to guide or aim it.  The object's shape and the robber's handling of it supported a finding that the concealed

-3-

object was a firearm. The district court did not clearly err in finding that Blake failed to present clear and convincing evidence to the contrary.

Blake also contends that the Sixth Amendment requires that a jury, rather than the sentencing court, determine whether he proved that his conviction was nonqualifying under § 3559(c)(3)(A). Blake did not raise this contention in the district court, so we review for plain error. Fed. R. Crim. P. 52(b). To prevail, Blake must show that the district court committed an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

The Sixth Amendment requires that a disputed fact, other than a prior conviction, that increases a statutory maximum or mandatory minimum penalty be submitted to a jury and proved beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2155, 2160 n.1 (2013). A jury in this case found that Blake committed the robbery at First Westroads Bank, and Blake does not dispute that the district court properly could count the conviction as a serious violent felony unless Blake established that it was nonqualifying under § 3559(c)(3)(A). We explained in *United States v. Davis*, 260 F.3d 965 (8th Cir. 2001), that the structure of § 3559 creates an affirmative defense to the sentence enhancement. *Id*. at 969. The statute does not deprive a defendant of due process, because "Congress has the power to place on a defendant the burden of establishing an affirmative defense that is not an essential element of the crime." *Id*. at 970.

Blake argues, however, that the Sixth Amendment right to trial by jury means that the question whether he satisfied the affirmative defense must be decided by a jury rather than a judge. We reject this contention because § 3559(c)(3)(A) is an affirmative defense that cannot increase the defendant's penalty. It can only decrease the punishment from the mandatory life term that was triggered by the robbery conviction and the dictates of § 3559(c)(1). The district court's factfinding thus did

not violate the Sixth Amendment. *United States v. Snype*, 441 F.3d 119, 149 (2d Cir. 2006).[2]

\* \* \*

The judgment of the district court is affirmed.

_____

---

[2]Blake also contends that his trial counsel was ineffective for failing to seek a jury determination on his affirmative defense under § 3559(c)(3)(A). As Blake was not entitled to a jury determination, it follows that counsel was not ineffective for failing to request one.